Wednesday, May 18. The Judges delivered their opinions.
Judge Tucker.
The errors assigned are, 1. That the breach is too general. The breach assigned in the case of Merriwether v. Johnson, was equally so, 3 Call, 524. And in Branch v. Randolph, Governor, &c. October term, 1805, (MS.) the breach is nearly in the same words as in the present declaration. Yet both those cases were affirmed.(a)
2. Another error assigned is, that there is a variance between the declaration and the bond, but this' does not appear. Oyer of the bond was not prayed; the variance might have been pleaded, or objected to on the trial. After a verdict, it would be too late to take adyantage of it; for though a bond is necessarily a part of the record, in many cases where the condition is for the payment of moneys because the judgment must be entered up according to the condition; yet, it does not appear to be equally necessary that bonds with collateral condition, shouldbe so considered. If any advantage can be derived to the defendant from its tenor, he must spread it upon the record, either by oyer or by a demurrer to evidence, or by a bill of exceptions; or lastly by a special verdict.
3. Another point not noticed in the argument occurred to me .in reading it; no damages aré laid in the declaration *457 against Little’s administrators. It is not necessary to lay damages in the declaration in an action of debt.(a) In the case of Hook v. Turnbull, May, 1806, I gave it as my opinon that the writ is to be considered as a part of the record, for the purposes of amendment. From my note of that case there was no difference of opinion upon that point; the declaration may then be amended by the writ, and that omission cured.
In addition to tbe errors above mentioned, it was said that in the case of Craghill and others the declaration was erroneous, in that it charged the defendants, who were only securities, with a breach of a condition of their bond, for that Little, (tlic pincipal, in the bond,) had not accounted for, and paid the taxes. How this might have been upon a special demurrer, where the want of a due observance of grammatical or technical precision might have been assigned as error, I need not say. But, at present, I conceive the objection unimportant.
There is, however, one error, common to both these cases, which I consider as important. From the most attentive examination of the act of Assembly, (b) I am fully satisfied that a writ of inquiry ought not to be executed in the General Court, or District Courts, at the term next succeeding the rule day on which the office judgment is confirmed. Because the defendant has the whole of the next succeeding term to set aside that office judgment, and plead to issue, if he chooses so to do. Upon this ground, I think the judgment erroneous, and, therefore, that it must be reversed, the finding of the Jury upon the writ of inquiry set aside, and the cause remanded to the General Court to be there proceeded in, as if the writ of inquiry had never been executed, and the cause had still remained on the docket in that Court.
Judge Roane.
The case of Branch v. The Commonwealth, (MS. October, 1805,) which was much argued upon *458 the very point, seems conclusive that the breach in this case *s we^- assigned. But the General Court, I think, erred in executing the writ of inquiry at the term in which it was done : the party should have had the -whole term to set aside that judgment and plead to issue. This seems so plain upon the several acts relating to the subject, that I shall content myself with referring to the exposition thereof made by the appellants’ counsel.
As to a variance, in the case of securities, in relation to the date of the bond, I can see none. In the case "of the securities, the recovery is upon a bond executed in November, 1801, for the taxes of 1801; and in that of the administrators, it is upon a bond of November, 1802, for the taxes of that year. This variance cannot be made out, unless you take for granted, that the bond referred to in the case of the administrators, is the bond upon which the other judgment was also rendered; but I will rather take it that there were two bonds for the two years, aud that one of these judgments is founded on one, and the other on the other. There is nothing in the record which forbids this pi-esumption, and the objection would not perhaps have occurred, had not the two cases been brought on and submitted, together.
On the ground of prematurely executing the writ of inquiry, I am of opinion that the judgment be reversed.
Judge Fleming said, it was the unanimous opinion of the Court (absent Judge Lyons) that the judgments in both cases should be reversed, on the ground of prematurely Executing the writs of inquiry.

 See Branch v. the Commonwealth, 2 Call, 510.

a) Per Lyons, J. 2 Wash. 212. Stevens v. White.

 Ed. 1794 c. 66. sect 28. and 42. Rev. Cade, 1 vol. p. 78, and 80.